Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/17/2026 08:14 AM CDT

Park 'N Go of Nebraska, LLC, appellee, v. Airport
Authority of the City of Omaha, appellant.

___ N.W.3d ___

Filed July 17, 2026.    No. S-25-409.

1. **Declaratory Judgments.** An action for declaratory judgment is sui
generis; whether such action is to be treated as one at law or one in
equity is to be determined by the nature of the dispute.
2. **Injunction: Equity.** An action for injunction sounds in equity.
3. **Equity: Appeal and Error.** On appeal from an equity action, an appel-
late court tries factual questions de novo on the record and, as to ques-
tions of both fact and law, is obligated to reach a conclusion independent
of the conclusion reached by the trial court.
4. **Judgments: Statutes: Appeal and Error.** When an appeal calls for
statutory interpretation or presents questions of law, an appellate court
must reach an independent, correct conclusion irrespective of the deter-
mination made by the court below.
5. **Taxes: Words and Phrases.** A tax is an enforced contribution of money
or other property, assessed in accordance with some reasonable rule or
apportionment by authority of a sovereign state on persons or property
within its jurisdiction for the purpose of defraying the public expenses.

Appeal from the District Court for Douglas County: Tressa
M. Alioth, Judge. Reversed and remanded with directions.

Patrick D. Pepper, J. Scott Paul, and Alexander K. Shaner,
of McGrath North Mullin & Kratz, P.C., L.L.O., for appellant.

Matthew B. Reilly and Thomas J. Culhane, of Erickson |
Sederstrom, P.C., L.L.O., for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, and
Bergevin, JJ.

Funke, C.J.

## INTRODUCTION

Airport Authority of the City of Omaha (Airport Authority) appeals the order of the district court for Douglas County declaring a charge imposed by Airport Authority to be an impermissible tax in violation of the Nebraska Constitution. Airport Authority asserted that the charge was a user fee imposed under its statutory authority. In this action for declaratory and injunctive relief, Park 'N Go of Nebraska, LLC (Park 'N Go), challenged the charge as an unconstitutional tax. The district court permanently restrained Airport Authority from collecting the charge from Park 'N Go and ordered Airport Authority to remit to Park 'N Go all charges that it had collected.

We determine that the charge imposed by Airport Authority was not an unconstitutional tax. We therefore reverse the order of the district court and remand the cause with directions to dismiss Park 'N Go's complaint.

## BACKGROUND

Airport Authority is a political subdivision of the State of Nebraska charged with operating, managing, and overseeing Eppley Airfield in Omaha, Nebraska. Airport Authority derives its authority from, and is governed by, the Cities Airport Authorities Act.[1]

Park 'N Go is a limited liability company with its principal place of business in Omaha. Park 'N Go operates a surface parking lot located on private property off the premises of Eppley Airfield. Park 'N Go charges customers daily or hourly rates depending on the length of time a customer parks in the lot. Park 'N Go offers a shuttle service to transport customers to and from Eppley Airfield. Park 'N Go does not charge an additional fee for the transportation service, and a customer's charge for parking is the same whether the customer uses the transportation service or not. Airport Authority grants Park 'N Go and other transportation providers access to use

---

[1] See Neb. Rev. Stat. §§ 3-501 to 3-514 (Reissue 2022).

dedicated passenger pickup and dropoff lanes (Commercial Vehicle Lanes) located on Eppley Airfield's property.

## Resolution Adopted

On June 15, 2021, the board of directors of Airport Authority enacted a resolution (Resolution) that imposed a charge, beginning August 1, 2021, upon off-airport parking companies for a continued right of access to use the Commercial Vehicle Lanes at Eppley Airfield. The charge was imposed as a monthly collection initially calculated as 10 percent of an off-airport parking company's gross receipts, with the potential for Airport Authority to adjust the fee amount on an annual basis. In the Resolution, which defined Eppley Airfield and its facilities as "Airport," the term "Gross Receipts" was generally defined as "all monies or other compensation received by a Parking Company from the conduct of its vehicle parking, vehicle storage business and/or shuttle services to Airport parking passengers or Airport tenant parking employees, which shall be separately accounted for by a Parking Company." The Resolution specifically excluded certain receipts, including "[r]evenues received for providing independent transportation services exclusively for non-Airport parking activity," from the definition of "Gross Receipts."

The Resolution stated that pursuant to regulations promulgated by the Federal Aviation Administration, Airport Authority was required to "'maintain a fee and rental structure for the facility and services at the [Airport,] which will make the [Airport] as self-sustaining as possible.'" The Resolution also stated that Airport Authority "incurs operating, administration, and other necessary expenses related to the Airport roadways and the Commercial Vehicle Lanes" and that it was assessing and charging the off-airport parking company a user fee "in an effort to support portions of the operating, administration, and other necessary expenses related to the Airport and [to] comply with the above referenced [Federal Aviation Administration] regulation."

Although the Resolution did not cite the specific statutory authority for the imposition of the off-airport parking company user fee, in the present litigation, Airport Authority asserts that its power to impose the charge derives from § 3-504(11). That statute authorizes Airport Authority to "charge fees, rentals, and other charges for the use of projects under the jurisdiction of such authority" and requires that "all fees, rentals, charges, and other revenue derived from any project shall be applied to the payment of operating, administration, and other necessary expenses of the authority properly chargeable to such project."[2] For purposes of the Cities Airport Authorities Act, including § 3-504(11), § 3-501(7) defines "[p]roject" as

> any airport operated by the authority, including all real and personal property, structures, machinery, equipment, and appurtenances or facilities which are part of such airport or used or useful in connection therewith either as ground facilities for the convenience of handling aviation equipment, passengers, and freight or as part of aviation operation, air navigation, and air safety operation.

## Action Filed in District Court

On July 22, 2021, Park 'N Go filed a complaint in the district court in which it sought declaratory and injunctive relief against Airport Authority regarding the charge imposed under the Resolution. The complaint named individual members of Airport Authority's board and Airport Authority's police chief as defendants in their official capacities. The court later dismissed a claim of unfair trade practices that had been included in the complaint, and it eventually dismissed all the individual defendants, leaving Airport Authority as the sole defendant.

In the operative amended complaint, in support of its claim for declaratory relief, Park 'N Go alleged that although the Resolution purported to charge a user fee, the charge was instead a tax that Airport Authority did not have constitutional

---

[2] § 3-504(11).

authority to impose. Park 'N Go cited Neb. Const. art. VIII, § 1, which provides, in part: "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct." Park 'N Go sought a judgment declaring that Airport Authority had imposed a tax in violation of the Nebraska Constitution.

In support of its claim for injunctive relief, Park 'N Go alleged that when Airport Authority enacted the Resolution, it had acted outside its authority and imposed a tax under the pretext of a purported user fee. Park 'N Go alleged the 10-percent "tax" was "inherently unreasonable, excessive, and untethered from the services sold, furnished, or supplied by" Airport Authority. Park 'N Go further alleged that its property and other legal rights were affected by the Resolution and that it had no adequate remedy at law to restrain Airport Authority from exceeding its authority by enacting the Resolution and imposing the charge therein. Park 'N Go sought orders enjoining Airport Authority from, among other things, putting the Resolution into effect and attempting to collect from Park 'N Go the charges described in the Resolution.

## TRIAL

The matter went to a bench trial in February 2025 on Park 'N Go's claims for declaratory and injunctive relief. At the beginning of the trial, the district court received without objection various exhibits, including the parties' joint statement of stipulated facts. Other exhibits were received in connection with witness testimony.

Witnesses called by Park 'N Go included three Airport Authority employees—the chief financial officer, the project manager, and the chief commercial officer—who had been involved in developing the Resolution and who generally testified regarding considerations that went into Airport Authority's decision to implement the charge set forth in the Resolution and to use a percentage of gross receipts as the measure of the charge. Park 'N Go also called as a witness its

vice president of development, who generally testified regarding Park 'N Go's operations. In its case, Airport Authority called as a witness its chief commercial officer to provide additional testimony regarding the imposition of the charge under the Resolution, as well as Airport Authority's revenues and expenses and its obligations under federal grants.

## District Court Decision

After trial, the district court entered its order ruling on Park 'N Go's complaint. The court accepted the parties' stipulation of facts and incorporated those facts into its order. The parties stipulated, among other things, that Airport Authority was "a non-taxing authority under Nebraska law," and the court found that "Airport Authority is not granted taxing authority under Nebraska law." The parties also stipulated that one of the reasons Airport Authority chose to implement a user fee based on gross receipts was because its research showed that other airports imposed similar charges on gross receipts and because Airport Authority used gross receipts as a routine method for calculating user fees for other commercial users of Eppley Airfield. The court made additional findings of fact, including a finding that evidence presented at trial showed that "the amount of the charge was not based upon any estimate of Park 'N Go's, or other similarly situated off-airport parking companies, actual usage of the Commercial Vehicle Lanes."

The district court turned to analyzing the question it stated was presented to it: "whether the charge imposed by the 'Off-Airport Parking User Fee' is a fee or an impermissible tax." In setting forth legal standards, the court stated that Airport Authority requested that the court apply a presumption of validity to the Resolution, but the court declined to apply such a presumption. The court stated that to determine whether the Resolution imposes a fee or a tax, it would need to employ "some sort of legal test," but that no Nebraska precedent had adopted a clear test for distinguishing between

a fee and a tax. The court rejected Airport Authority's urging that it decide the issue based solely on the language of § 3-504(11), granting airport authorities the power to charge "fees, rentals, and other charges for the use of projects." The court acknowledged that Airport Authority had been "granted the authority to charge fees in relation to use of Eppley Airfield." But the court stated that the issue in this case was not whether Airport Authority had "authority to generally apply fees to third party companies that utilize Eppley Airfield" and that instead, the issue was "whether this so-called fee is actually a tax." The court stated that labeling the charge as a "'fee'" under § 3-504(11) was "of no consequence in deciding whether [the charge] is a fee or a tax."

The district court chose to employ a test urged by Park 'N Go and derived from a treatise.[3] The court set forth the test as follows: "'The test to determine whether a charge is a fee rather than a tax is whether the charge (1) applies to the direct beneficiary of a particular service, (2) is allocated directly to defraying the costs of providing the service, and (3) is reasonably proportionate to the benefit received.'"

Regarding the first factor, the district court found the evidence showed that Park 'N Go directly benefits from using the Commercial Vehicle Lanes in its business offering parking to people arriving and departing from Eppley Airfield. But the court determined that because Park 'N Go could allocate the charge to its customers, the customers were "indirect beneficiaries" of Park 'N Go's use of the Commercial Vehicle Lanes. The court stated that the charge was "not a fee to be applied solely to the direct beneficiary" and that instead, "the charge more closely resembles a sales tax," the legal incidence of which falls upon the purchaser.

Regarding the second factor, the court found the evidence showed that "the charge imposed by the Resolution is not correlated with the off-airport companies' actual use of the

_____

[3] See 71 Am. Jur. 2d *State and Local Taxation* § 13 (2023).

Commercial Vehicle lanes nor is it associated with the costs incurred from that usage." The court found it "deeply concerning" that Airport Authority "made no effort to estimate the costs it incurs from the use of its Commercial Vehicle Lanes" and instead set the charge based on an analysis of what other airports were charging similar companies. The court stated that Airport Authority used gross receipts to calculate the charge because it was the method Airport Authority used to charge other commercial users of Eppley Airfield, but the court noted that "these other commercial users typically continuously occupy airport property" for uses such as concession stands located inside the airport. The court further stated that funds collected under the Resolution were "not earmarked for directly defraying the costs of the Commercial Vehicle Lanes usage" and instead went into "a general revenue account" that could be used to help pay the "high costs associated with various renovations and improvement projects" at Eppley Airfield. The court concluded that the charge under the Resolution was "used to raise revenue to benefit the . . . entirety of Eppley Airfield" and that therefore, the charge failed the second prong of the test because it was not allocated directly to defraying the costs of providing the Commercial Vehicle Lanes.

Regarding the third factor, the court found that the charge under the Resolution "is not reasonably proportionate to the benefit that off-airport parking companies like [Park 'N Go] receive." The court stated that Airport Authority was unable "to quantify the costs associated with the benefit of using Eppley's designated Commercial Vehicle Lanes" and that instead, Airport Authority witnesses testified "off-airport parking companies owe their entire existence to the presence of Eppley Airfield." The court found this testimony "alarming . . . in that it may permit the Airport Authority to charge off-airport parking companies without limits." The court stated that it could "deny the existence of a benefit to off-airport parking companies in their use of the designated lanes," but it could not find that a 10-percent charge on gross receipts

was reasonably proportionate to such benefit "without any evidence of the costs associated with permitting this benefit to" Park 'N Go. The court also noted evidence that other users of the Commercial Vehicle Lanes were permitted to pay a specific amount each time one of the user's vehicles entered the Commercial Vehicle Lanes, while yet other users were charged no fee at all. The court found no evidence to show why Airport Authority "would treat so differently users that receive an identical benefit" or any reason for charging off-airport parking companies "based on something other than actual usage." The court found that Park 'N Go's gross receipts, which were based on the number of days a vehicle was in its lot, had no relationship to the number of times Park 'N Go's shuttle used the Commercial Vehicle Lanes. For that reason, the court found that the charge imposed by Airport Authority under the Resolution was not reasonably proportionate to the benefit Park 'N Go received from being allowed to use the Commercial Vehicle Lanes.

Based on its application of the test, the district court found that the "Airport Authority's Resolution imposes an impermissible tax upon Park 'N Go in violation of the Nebraska Constitution." The court therefore declared that (1) "the Resolution is unlawful under the Nebraska Constitution, it is invalid, and it is void *ab initio*," and (2) "the Resolution is not enforceable." The court ordered that "Airport Authority is permanently restrained from enforcing the Resolution against Park 'N Go or hereafter collecting any further sums under the Resolution from Park 'N Go," and it ordered Airport Authority to "remit to Park 'N Go all sums collected from Park 'N Go since the passage of the Resolution, together with prejudgment interest." The court ordered Airport Authority to pay Park 'N Go's taxable costs.

Airport Authority moved to alter or amend the judgment or for a new trial. The district court sustained the motion to alter or amend to the extent that it (1) ordered the individual defendants dismissed from the action and (2) found that

Park 'N Go was not entitled to prejudgment interest. But the court overruled the motion to alter or amend as to all other grounds asserted by Airport Authority, and it overruled the motion for a new trial.

Airport Authority appeals the district court's order.

## ASSIGNMENTS OF ERROR

Airport Authority assigns that the district court erred in (1) finding that the charge under the Resolution was an unconstitutional tax and not a permissible fee, (2) adopting the three-part test to determine whether a purported user fee is an unconstitutional tax, (3) failing to provide the Resolution a presumption of validity, (4) shifting the burden of proof to Airport Authority, (5) failing to enter judgment in favor of Airport Authority when Park 'N Go failed to meet its burden to prove the user fee was a tax, and (6) granting permanent injunctive relief to Park 'N Go.

## STANDARD OF REVIEW

[1-4] Park 'N Go sought both declaratory and injunctive relief. An action for declaratory judgment is sui generis; whether such action is to be treated as one at law or one in equity is to be determined by the nature of the dispute.[4] An action for injunction sounds in equity.[5] On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court.[6] When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.[7]

---

[4] *PSK v. Legacy Outdoor Advertising*, 318 Neb. 1, 13 N.W.3d 81 (2024).

[5] *Charter West Bank v. Riddle*, 314 Neb. 263, 989 N.W.2d 428 (2023).

[6] *Id*.

[7] *Flinn v. Strode*, 320 Neb. 813, 30 N.W.3d 661 (2026).

## ANALYSIS

Before addressing the issues Airport Authority raises on appeal, we find it helpful to clarify the challenge raised by Park 'N Go and decided by the district court. The challenge Park 'N Go set forth in the operative complaint was that the charge imposed by the Resolution was a tax that Airport Authority did not have authority to impose under the Nebraska Constitution. Park 'N Go sought a declaration to that effect and injunctive relief based on that declaration. We do not read the complaint as setting forth a separate claim that even if the charge is a user fee, it did not comply with any statutory requirement that a user fee must be imposed in a reasonable and uniform manner.

The district court likewise viewed Park 'N Go's complaint as limited to the contention that the charge under the Resolution was an unconstitutional tax. The court stated in its order that the question presented to it was "whether the charge imposed by the 'Off-Airport Parking User Fee' is a fee or an impermissible tax." The court acknowledged Airport Authority's power under § 3-504(11) to charge fees to companies using the airport, but the court stated that the issue presented to it was "whether this so-called fee is actually a tax." The court ultimately found that the "Resolution imposes an impermissible tax" and declared that the Resolution was "unlawful under the Nebraska Constitution."

In arguing that the charge in this case is not a tax, Airport Authority relies in part on *City of Ord v. Biemond*,[8] in which this court stated that a "use charge or rental fee" imposed by a municipality under Neb. Rev. Stat. § 3-215(5) (Reissue 1962) for the use of airport property under the municipality's control was "not a tax." However, whether the charge imposed by the municipality was a tax, rather than a fee, was not at issue in *City of Ord v. Biemond*. Instead, the issues on appeal in that case involved whether the charge met the requirements

---

[8] *City of Ord v. Biemond*, 175 Neb. 333, 338, 122 N.W.2d 6, 10 (1963).

of § 3-215(5) and whether the charge violated the Nebraska Constitution on equal protection grounds. In *City of Ord v. Biemond*, the companies being charged for use of the municipality's airport contended, in part, that the user charge violated § 3-215(5), which required charges to be reasonable and uniform for the same class of service.

We do not read Park 'N Go's complaint to allege a similar claim to that in *City of Ord v. Biemond*. Park 'N Go did not allege that a charge imposed under § 3-504(11) is subject to the same or a similar statutory requirement to be reasonable and uniform for the same class of service as is a charge imposed under § 3-215(5). Consequently, the district court did not determine whether a statutory requirement of reasonableness and uniformity applies to a charge imposed under § 3-504(11), nor did it determine whether the charge imposed by the Resolution violated such a statutory requirement. Instead, Park 'N Go alleged, and the district court found, that the charge was an unconstitutional tax, rather than a user fee. To the extent Park 'N Go alleged the charge was unreasonable and the district court considered whether the charge was unreasonable, it was in the context of determining whether the charge was a tax. In our review, we consider reasonableness in the same context.

Park 'N Go urges that if we determine the charge is not a tax, we should affirm the district court's order on the alternative basis that even if the charge is not a tax, it was outside Airport Authority's power under § 3-504(11) because it was unreasonable and not uniformly applied to other types of users. This argument is like the issue presented in *City of Ord v. Biemond*. But because that question was not presented by Park 'N Go's complaint and not decided by the district court, we make no determination whether the same or a similar statutory requirement applies to a charge imposed pursuant to § 3-504(11) or whether the charge in this case violated any such statutory requirement.

With this understanding of Park 'N Go's complaint and the district court's order, the main issue in this appeal is whether the charge imposed by the Resolution was a tax. We first address Airport Authority's contention that the court erred when it adopted the three-part test it used to determine that issue. We then consider, based on what we determine to be the proper analysis, whether the charge imposed by the Resolution was a tax that Airport Authority lacked the power to impose. After determining that the charge was not a tax, we consider our resolution of this appeal based on that determination.

## TEST USED BY DISTRICT COURT

Airport Authority assigns that the district court erred in adopting a three-part test to determine whether a purported user fee is instead an unconstitutional tax. While it was not error for the court to consider factors set forth in the test when analyzing the issues in this case, we decline to adopt the test, or any other specific test, as the controlling test to distinguish a tax from a fee in all circumstances.

The factors of the three-part test considered by the district court were derived from a Nevada case in which the court stated that if the three "criteria fit the charge, it is a fee."[9] But this test was among various considerations discussed in a treatise, including another "three-part test that looks to (1) what entity imposes the charge, (2) what population is subject to the charge, and (3) what purposes are served by the use of the monies obtained by the charge."[10] The treatise begins its discussion by stating that "[t]here is no bright line test for distinguishing a tax from a fee; rather, how such exactions

---

[9] *Clean Water Coalition v. The M Resort, LLC*, 127 Nev. 301, 315, 255 P.3d 247, 257 (2011) (citing *State v. Medeiros*, 89 Haw. 361, 973 P.2d 736 (1999)).

[10] 71 Am. Jur. 2d, *supra* note 3, § 13 at 321-22 (citing *Valero Terrestrial Corp. v. Caffrey*, 205 F.3d 130 (4th Cir. 2000)).

should be classified depends upon their purpose."[11] Another treatise, in a section distinguishing taxes and fees, states that "[i]t is not possible to come up with a single test that will correctly distinguish a tax from a fee in all situations as what is a tax for one inquiry is not necessarily a tax under other circumstances" and that instead, "determining whether an assessment is a fee or tax must be done on a case-by-case basis dependent upon the facts and circumstances surrounding each assessment."[12]

We agree that no single test can or should be mandated for distinguishing whether a charge is a fee or a tax in all cases in which the issue may arise. Instead, as we describe further below, the facts and circumstances surrounding the imposition of the charge should be considered with an understanding of the general purposes of fees and taxes and how similar charges imposed under similar circumstances have been characterized. We therefore proceed to review the district court's finding in this case by considering the charge imposed under the Resolution in this manner.

Whether Charge Is Tax, Rather Than Fee

Airport Authority assigns that the district court erred in finding that the charge under the Resolution was an unconstitutional tax and not a permissible fee. We conclude that the court erred when it found that the charge was a tax.

[5] We do not appear to have specifically addressed how to distinguish between a tax and a user fee, but we have considered whether a charge imposed under another label was an unconstitutional tax. In *Schumacher v. Johanns*,[13] we considered a challenge by subscribers of telecommunication services who relied in part on Neb. Const. art. VIII, § 1, to contend

---

[11] 71 Am. Jur. 2d, *supra* note 3, § 13 at 320 (citing *Utah Sage, Inc. v. Pleasant Grove City*, 525 P.3d 1269 (Utah 2023)).

[12] 84 C.J.S. *Taxation* § 4 at 51 (2022) (citing *State, ex rel., v. Withrow*, 62 Ohio St. 3d 111, 579 N.E.2d 705 (1991)).

[13] *Schumacher v. Johanns*, 272 Neb. 346, 722 N.W.2d 37 (2006).

that a surcharge imposed by the Nebraska Public Service Commission was an unconstitutional tax. We cited authority defining a tax as "'"[a]n enforced contribution of money or other property, assessed in accordance with some reasonable rule or apportionment by authority of a sovereign state on persons or property within its jurisdiction for the purpose of defraying the public expense"'"' and stating that one of the "'essential characteristics of a tax [was] that it is not a voluntary payment but an enforced contribution.'"[14] Although we recognized this definition of "tax," we stated that "[t]he term really gains meaning only from the factual and legal context in which the issue comes before the court."[15]

In *Schumacher v. Johanns*, in determining that the surcharge was a fee and not a tax, we emphasized the primary purpose of the surcharge was not to generate revenue for governmental purposes, but, rather, "to regulate the telecommunications industry through a rebalancing and restructuring of rates."[16] Other courts have similarly emphasized the primary purpose of a charge when distinguishing between taxes and fees.[17]

---

[14] *Id.* at 359, 722 N.W.2d at 48 (citing *Nebraska P.P. Dist. v. Hershey School Dist.*, 207 Neb. 412, 299 N.W.2d 514 (1980)).

[15] *Schumacher v. Johanns, supra* note 13, 272 Neb. at 359, 722 N.W.2d at 48.

[16] *Id*. at 363, 722 N.W.2d at 50.

[17] See, *T-Mobile South, LLC v. Bonet*, 85 So. 3d 963, 982-83 (Ala. 2011) ("'"[a] tax is generally a revenue raising measure, imposed by a legislative body, that allocates revenue to a general fund, and is spent for the benefit of the entire community[, and that a] user fee, by contrast, is a payment given in return for a government provided benefit and is tied in some fashion to the payor's use of the service"'"'); *Barber v. Ritter*, 196 P.3d 238, 248, 249 (Colo. 2008) ("[t]o determine whether a government mandated financial imposition is a 'fee' or a 'tax,' the dispositive criteria is the primary or dominant purpose of such imposition at the time the enactment calling for its collection is passed"; if "a primary purpose for the charge is to raise revenues for general governmental spending, then it is a tax," but if "the primary purpose for the charge is to finance a particular service utilized by those who must pay the charge, then the charge is a 'fee'").

When considering whether the charge here was a tax, we find it helpful to consider decisions from other jurisdictions addressing similar circumstances when determining whether the charge imposed under the Resolution was a tax, as Park 'N Go contends, or a user fee, as Airport Authority contends. The decisions set forth below involve charges imposed on commercial entities using and benefiting from the airport facilities.

In *Ace Rent-A-Car v. Airport Authority*,[18] the court considered whether a fee imposed by an airport authority on off-airport car rental companies was an unauthorized tax on income, rather than a user fee. The airport authority possessed no taxing authority but was authorized by statute to collect charges from all users of its facilities and services. Pursuant to the statute, the airport authority assessed off-airport car rental companies a fee of 7 percent of sales for rental of cars to customers originating from the airport. The fee was imposed on the companies for the privilege of using airport roadways to operate their shuttle services. Distinguishing taxes and user fees, the court stated:

> A tax is compulsory and not optional; it entitles the taxpayer to receive nothing in return, other than the rights of government which are enjoyed by all citizens. . . . On the other hand, a user fee is optional and represents a specific charge for the use of publicly-owned or publicly-provided facilities or services.[19]

Comparing these descriptions to the charge at issue, the court reasoned that a company "must pay a fee to [the airport authority] only if it uses and benefits from the airport facilities which the fee supports."[20] The court rejected an argument that the fee was a tax because it was based on revenue, and the court stated that "[t]o the contrary, the fee charged to

---

[18] *Ace Rent-A-Car v. Airport Authority*, 612 N.E.2d 1104 (Ind. App. 1993).

[19] *Id.* at 1108 (citation omitted).

[20] *Id*.

[a company] represents a percentage of the revenues the company receives from renting automobiles to customers it picks up at the airport."[21] The court concluded that "[b]ecause the fee is based on furnishing [the rental car company] a specific benefit it is thus not a tax but an authorized user fee."[22]

In *Jacksonville Port Auth. v. Alamo*,[23] the court similarly concluded that a charge imposed on an off-airport rental and parking company was "not a tax but an authorized user fee." The fee was a charge of 6 percent of gross receipts, and the court used reasoning like that in *Ace Rent-A-Car v. Airport Authority* regarding the respective purposes of taxes and user fees. The court stated that "in assessing and collecting the user fee, the [airport authority was] acting in a proprietary capacity requiring those who benefit from its airports to pay their fair share of costs incurred in providing the benefits," and that the company "pays the fee only if it uses and benefits from the facilities the fee supports."[24] The court also stated that "the fee is for [the company's] use of all of the [airport's] facilities which benefit [the company] by generating its business"; that "[i]f [the company] wished to avoid the fee, it could obtain its customers from another source"; and that the "charge is tied exclusively to [the company's] use of the airport facilities to conduct its business."[25]

In *Westrac, Inc. v. Walker Field*,[26] the court determined that a fee in the amount of 10 percent of gross revenues imposed on a car rental company was not an illegal tax. The court distinguished taxes and user fees, stating that "[r]ates charged for use of a public facility owned by a municipal corporation ordinarily are not considered taxes because their purpose is

---

[21] *Id.*

[22] *Id.*

[23] *Jacksonville Port Auth. v. Alamo*, 600 So. 2d 1159, 1165 (Fla. App. 1992).

[24] *Id.* at 1164.

[25] *Id.* at 1162.

[26] *Westrac, Inc. v. Walker Field*, 812 P.2d 714 (Colo. App. 1991).

to defray the expense of operating and improving the facility and because they are imposed only upon those using the service provided" and that "[t]axes, on the other hand, are not based on the amount of use, and the proceeds are used to defray general municipal expenses."[27]

The district court in the case before us focused much of its analysis on whether the charge imposed under the Resolution was reasonably proportionate to the benefit the companies receive from using the Commercial Vehicle Lanes and the costs incurred by Airport Authority from that use. The court expressed alarm that Airport Authority witnesses testified that the companies "owe their existence to the presence of Eppley Airfield," and the court indicated concern that this rationale could allow Airport Authority to impose a charge "without limits." However, courts in other jurisdictions have determined that the general benefit a user derives from the operation of the entire airport is a relevant consideration when imposing a user fee.

In a portion of *Ace Rent-A-Car v. Airport Authority*, not specifically related to whether the charge was a tax, the court stated that user fees under the statute could be based on the overall benefit a user derives from the existence of the airport.[28] The court reasoned that "the airport's very existence provides a marketplace from which [the company] derives an economic benefit" and that therefore, "the fees imposed by [the airport authority] are not limited to recoupment of costs related to repair and maintenance of airport roadways."[29] The court stated that "a fee based on a percent of the rental sales of automobiles made to customers originating at the airport represents at least one fair, although imperfect, method of measuring 'use.'"[30]

---

[27] *Id.* at 716.

[28] *Ace Rent-A-Car v. Airport Authority, supra* note 18.

[29] *Id*. at 1107-08.

[30] *Id.* at 1108.

Similar reasoning was employed by the court in *Enterprise Leasing v. Metropolitan Airports*,[31] in which an off-airport car rental company challenged a fee imposed by an airport commission that was equal to 8½ percent of the company's gross revenues. The trial court had rejected the company's claim that the fee constituted an impermissible tax, and the appellate court reviewed only the trial court's determination that the fee exceeded the airport commission's statutory authority. The trial court had determined that the airport commission could impose only fees that "reflect a direct link to the cost of the specific roadways and facilities those companies actually use to service their customers" and that the commission exceeded its statutory authority because it "considered the value of customer market generated by" the entire airport.[32] The appellate court disagreed with the district court's determination and stated that the "vast majority of authorities that have considered the question embrace the notion that commercial entities in a very real sense use an entire airport and the market it generates."[33]

As we have previously mentioned, no single test can or should be used to determine whether a charge is a fee or a tax. Instead, these determinations must be made on a case-by-case consideration. In the matter currently before us, the reasoning in *Ace Rent-A-Car v. Airport Authority* persuades us that the charge imposed under the Resolution is properly characterized as a user fee and not a tax.[34] The fee is optional and not compulsory. Further, the fee represents a specific charge for the use of publicly owned or publicly provided facilities or services. Park 'N Go must pay the fee to Airport Authority only if it uses and benefits from the airport facilities that the fee supports.

---

[31] *Enterprise Leasing v. Metropolitan Airports*, 250 F.3d 1215 (8th Cir. 2001).

[32] *Id.* at 1218.

[33] *Id.* at 1219.

[34] See *Ace Rent-A-Car v. Airport Authority, supra* note 18.

The district court's determination that the charge was a tax was largely based on its concern that the charge was not a reasonable charge for use of the Commercial Vehicle Lanes, and the court considered that other users of the Commercial Vehicle Lanes were charged by a different method. But whether the charge was reasonable and uniform when compared to the charges imposed on other airport users is a different question that, as discussed above, was not presented by Park 'N Go's complaint or decided by the court. For purposes of answering the specific question presented in this case—whether the charge is a tax, rather than a user fee— reasonableness should be considered in a broader sense of whether the charge is reasonably related to the companies' use of the airport facilities. The charge was imposed under the Resolution based on the companies' use of the airport facilities and the benefit the companies received from operation of the airport, and the amount of the charge was based on gross receipts the companies received from airport business. Like the charges in the cases discussed above that were based on gross receipts, the charge under the Resolution was not so attenuated from the companies' use of and benefit from Eppley Airfield that the charge should be considered a tax for which the companies received nothing other than the benefits enjoyed by all citizens.

In summary, considering the optional nature of the charge under the Resolution and the circumstances under which the charge was imposed, we determine that the charge was a fee and not a tax. Because we have determined that the charge under the Resolution was not a tax, we conclude that the district court erred when it found that the charge was an unconstitutional tax.

### RESOLUTION OF APPEAL

The district court's error in finding that the charge was an unconstitutional tax requires reversal of the district court's order, including the declaratory and injunctive relief provided

in the order. Based on our disposition of the appeal, we need not consider Airport Authority's arguments that the district court failed to provide the Resolution with a presumption of validity or that it impermissibly shifted the burden of proof to Airport Authority. In addition, as discussed above, we do not consider Park 'N Go's argument on appeal that even if the charge is a user fee, we should affirm the district court's order on the alternative basis that the charge was unreasonable and not uniform in comparison to charges imposed on other users under § 3-504(11). That issue was not presented by Park 'N Go's complaint and not decided by the district court, and we do not address it.

The claim raised in Park 'N Go's complaint and the relief requested therein depended on finding that the charge was an unconstitutional tax. Because the charge is not a tax, there is no relief to be afforded and no other issues to be decided. Therefore, on remand, the district court should dismiss the complaint.

## CONCLUSION

We conclude that the district court erred when it found that the charge imposed under the Resolution was an unconstitutional tax. We remand the cause with directions to the district court to dismiss Park 'N Go's complaint.

REVERSED AND REMANDED WITH DIRECTIONS.

VAUGHN, J., not participating.